## UNTIED STATES DISTRICT COURT
## FOR
## THE WESTERN DISTRICT OF NEW YORK

**DEBORAH GINGO,**

        **Plaintiff,**

-vs-

**ROCHESTER REGIONAL HEALTH**

        **Defendant.**

*Civil Action No.*

**COMPLAINT**

Plaintiff, by Ted A. Barraco, Esq, her attorney, as and for her Complaint against the Defendant, states and alleges as follows:

1. Jurisdiction is based upon 28 U.S.C §1331; 28 U.S.C. §1343.

2. Venue in the Western District of New York is based upon 28 U.S.C. §1391.

3. This case arises out of Title I of the Americans with Disabilities Act 1990, 42 U.S.C. 12111, et. Seq., as amended and the Rehabilitation Act 1973, 29 USC 794 et.seq., as amended.

4. That at all times herein referred to, Plaintiff was a United States citizen and a resident of the County of Monroe and State of New York.

5. That at all times herein referred to Rochester Regional Health was a duly formed Healthcare group includingmedical care providers and hospitals organized and operating under New York State Law with its principal offices located in Rochester, New York.

6. That as of June of 2023, Defendant had approximately 19,000 employees and received over $2,000,000.00 per year in federal aid.

7.  That at all times herein mentioned, Defendant was an employer and a covered entity and

    Plaintiff was a qualified individual and an employee as those terms are defined under the

    Americans with Disabilities Act and the Rehabilitation Act.

8.  Plaintiff was an office manager for the Defendant's WNY Breast Center when on or

    about April, 2020 Plaintiff became disabled from her employment due to multiple

    physical conditions and emotional stress.  In June of 2020 Plaintiff also began to suffer

    from disabling depression upon the loss of her child.

9.  Plaintiff was able to obtain short term disability but was denied long term disability.

10. In spite of assurances from Defendant, all payments to her stopped in October, 2023.

11. On or about December 4, 2023, Plaintiff advised Defendant that she wanted to return

    to work.

12. The Plaintiff advised the Defendant that she would obtain the necessary clearance

    from her physician to return to work.

13. Throughout the period of her disability, the Defendant kept insisting that she know and

    report her ultimate return date, when such a thing could not have been known to her.

14. Following Plaintiff's report that she was ready to return to work and on December 14,

    2023, Defendant advised Plaintiff that she had been separated for "unexcused

    absences".

15. Prior to December 14, 2023, Defendant never advised Plaintiff that her absences were

    considered unexcused.  In fact Defendant would not allow her to return to work until

    she verified that her "excuses" no longer prevented her from working.

2

16. Plaintiff is not aware if Defendant filled her position or eliminated it or spread the duties to other employees.

17. On December 26, 2023, Defendant advised Plaintiff that she could just apply to any open position with Defendant to restore her employment.

18. The Plaintiff attempted to reapply for employment but did not receive a response.

19. Plaintiff requested an accommodation in that she be permitted a few more days from December 4, 2023 to provide the necessary clearance to return to work.

20. The Defendant denied the Plaintiff's request for this accommodation and terminated her instead.

21. Defendant stopped all benefits, wages and insurances but has terminated the Plaintiff.

22. That the Defendant's above described adverse actions and failure to consider or offer reasonable accommodations to the Plaintiff, discriminated against the Plaintiff in her employment due to her disability.

23. That on or about May 13, 2024, Plaintiff filed a Charge of Discrimination against the Defendant with the EEOC.

24. That following a determination by the U.S. Equal Employment Opportunity Commission issued November 25, 2024, the Plaintiff received a "Notice of Right to Sue Within 90 Days" dated November 25, 2024 from the US. EEOC.

25. That less than 90 days have elapsed since the date of the "Right to Sue" letter.

26. That Plaintiff has suffered past and future lost wages and benefits, physical pain and emotional distress together with past and future attorney's fees and legal costs as a

result of Defendant's unlawful discrimination under the Americans with Disabilities

Act and the Rehabilitation Act.

    **WHEREFORE,** Plaintiff respectfully demands judgment against the Defendant

in sum of $300,000.00 as compensatory damages; together with an award for

Plaintiff's reasonable attorney' s fees;  all together with the costs and disbursements of

this action under each of the above cited federal laws, plus such other and further relief

as to the Court may seem just and proper.

Dated: February 24, 2025

                          Yours etc,

                          TED A. BARRACO, ESQ.
                          Attorney for Plaintiff
*Office    and    Post    Office*
*Address:* 919 Winton Road, S.
Suite 104
Rochester, New York 14618
Telephone:  (585) 218-0082
barracoted@gmail.com

4